United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| LORETTA BEAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 19-11197-NMG |
| JOHNSON & WALES UINIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises from a slip and fall accident in which Loretta Bean ("Ms. Bean" or "plaintiff") alleges she suffered severe, unspecified injuries as a result of the negligence of Johnson and Wales University ("JWU", "the University", or "defendant"). Pending before the Court is JWU's motion to dismiss for lack of personal jurisdiction. For the reasons that follow, this motion will be allowed and the case will be transferred to the United States District Court for the District of Rhode Island for further proceedings.

I. <u>Background</u>

   **A. The Parties**

Plaintiff Loretta Bean is a resident of Massachusetts. Defendant Johnson and Wales University is a Rhode Island non-profit corporation with its principal place of business in Rhode

Island.  JWU owns an equestrian facility ("the Equestrian Facility") in the Town of Rehoboth, Massachusetts where JWU students can enroll in classes in equine studies and riding. The University has no other campus or office facility in Massachusetts.

At the time of the alleged accident, JWU owned and operated a Radisson Hotel ("the hotel" or "the Radisson") located in Warwick, Rhode Island, near the T.F. Green Airport.  According to the complaint, the Radisson offered an airport parking package, which allowed hotel guests to park their cars at the hotel for up to 15 days without charge while they travelled.

**B. The Accident**

Ms. Bean's complaint provides little detail regarding her alleged injury.  She alleges that she planned to travel to Florida and made a reservation on a flight departing from T.F. Green Airport.  She claims that, due to an advertisement, she booked the parking package directly with JWU from her home in Massachusetts and, on February 21, 2016, drove to the Radisson where she stayed overnight.  The next morning, Ms. Bean avers that as she was leaving the hotel, she tripped and fell because of the unspecified negligence of JWU.  Ms. Bean does not describe the circumstances or cause of her fall but claims that she has suffered severe injuries which have required ongoing medical treatment and caused her pain and suffering.  Nor does

Ms. Bean elaborate on her injuries other than to claim medical expenses of $55,006.55.

### C. Procedural History

On May 6, 2019, Ms. Bean filed a complaint in the Massachusetts Superior Court for Plymouth County. JWU filed a timely notice of removal, invoking this Court's federal diversity jurisdiction. Shortly thereafter, the University filed a motion to dismiss the claims against it for lack of personal jurisdiction. It submits that 1) the Massachusetts long-arm statute, G.L. c. 223A, § 3, ("long-arm statute") provides no basis for asserting personal jurisdiction over JWU because the claim by the plaintiff does not arise from the University's transaction of business in Massachusetts, 2) plaintiff has not alleged facts sufficient to establish general personal jurisdiction over JWU in Massachusetts and 3) JWU is not subject to specific jurisdiction here because Ms. Bean's claims do not arise out of in-state contacts by JWU nor has JWU purposefully availed itself of the benefits and protections of Massachusetts laws.

JWU also contends that the Court should dismiss plaintiffs' claims rather than transfer them to the District of Rhode Island because such a transfer would circumvent the law and policy of Rhode Island and would not be in the interest of justice.

Plaintiff responds that 1) JWU is subject to the long-arm statute because it solicits business in Massachusetts, and 2) JWU is subject to specific jurisdiction because Ms. Bean's claim arises out of the forum state activities of the University which purposefully availed itself of the privilege of conducting business in Massachusetts. She submits, in the alternative, that even if this Court lacks personal jurisdiction, the case should be transferred to the District of Rhode Island in the interest of justice.

## II. Motion to Dismiss for Lack of Jurisdiction

### A. Legal Standard

On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that the court has authority to exercise jurisdiction over defendants. Cossart v. United Excel Corp., 804 F.3d 13, 18 (1st Cir. 2015). Where, as here, a court will decide a motion to dismiss for lack of personal jurisdiction without first holding an evidentiary hearing, the Court applies the "prima facie" standard of review and takes the plaintiff's

> properly documented evidentiary proffers as true and construe[s] them in the light most favorable to [plaintiff's] jurisdictional claim.

A Corp. v. All Am. Plumbing, Inc., 812 F.3d 54, 58 (1st Cir. 2016). However, a plaintiff cannot rely on "unsupported allegations" and "must put forward evidence of specific facts to

demonstrate jurisdiction exists." Id. (Internal citations omitted).

In a diversity suit, this Court acts as "the functional equivalent of a state court sitting in the forum state." See Astro-Med, Inc. v. Nihon Kohden America, Inc., 591 F.3d 1, 8 (1st Cir. 2009). As such, this Court must determine whether 1) jurisdiction is permitted by the Massachusetts long-arm statute and 2) the exercise of jurisdiction coheres with the Due Process Clause of the United States Constitution. Id.

### 1. Massachusetts Long-Arm Statute

The Massachusetts long-arm statute, G.L. c. 223A, § 3, provides, in relevant part, that a court may exercise personal jurisdiction

> over a person, who acts... as to a cause of action in law or equity arising from the person's (a) transacting any business in this commonwealth....

The requirements of the Massachusetts long-arm statute are substantially similar to (although potentially more restrictive than) those imposed by the Due Process Clause. See Copia Commc'ns, LLC v. AMResorts, L.P., 812 F.3d 1, 4 (1st Cir. 2016) (noting that "[r]ecently, however, we have suggested that Massachusetts's long-arm statute might impose more restrictive limits on the exercise of personal jurisdiction than does the Constitution"). See also Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc., 825 F.3d 28, 34 (1st Cir. 2016).

In order for a court to exercise jurisdiction under the long-arm statute, the plaintiff must show that the defendant transacted business in Massachusetts and that plaintiff's claim arises out of that transacted business. Sigros v. Walt Disney World Co., 129 F.Supp.2d 56, 63 (D. Mass. 2001) (citing Tatro v. Manor Care, Inc., 416 Mass. 763, 767, 625 N.E.2d 549 (1994)). Under Massachusetts law, "transacting any business" is interpreted broadly. United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp., 960 F.2d 1080, 1087 (1st Cir. 1992). To determine whether a claim arises from a defendant's transaction of business, a court looks to whether the transacted business was a "but for" cause of the harm alleged in the claim. Cossart 804 F.3d at 18.

Based on the proffered evidence, Ms. Bean does not satisfy the requirements of the long-arm statute. She asserts that JWU has "consistently and systematically reached into Massachusetts" but alleges no specific facts to demonstrate that JWU or the Radisson ever directed advertising into the Commonwealth. Plaintiff has attached two screenshots of unknown origin from the website "www.radison.com", which purport to demonstrate that an airport parking package was available and advertised in Massachusetts. There is no indication, however, that those screenshots have any connection to Massachusetts, and plaintiff does not suggest that this advertisement was targeted at her or

-6-

at other residents of Massachusetts. According to the Director of Sales and Marketing at the Radisson, the subject website and promotional offer would have been available to any individual worldwide with an internet connection. Just because plaintiff accessed a generally available website from Massachusetts does not subject JWU to the long-arm statute. See Mullane v. Zurich Am. Ins. Co., No. 18-CV-12412-DJC, 2019 WL 2193497, at *3 (D. Mass. May 21, 2019); Cossaboon v. Maine Med. Ctr., 600 F.3d 25, 35 (1st Cir. 2010).

Plaintiff cites caselaw from this District wherein courts have held that similar advertisements can subject a defendant to personal jurisdiction but those cases address obviously distinguishable fact scenarios involving direct, targeted contact between a defendant and Massachusetts consumers. See Nandjou v. Marriott International, Inc., 2019 WL 1903382 (D. Mass. April 29, 2019) (finding the defendant was subject to personal jurisdiction because Marriott directly targeted plaintiff by sending her direct mail advertisements); Sigros 129 F.Supp.2d at 63 (finding personal jurisdiction over a Florida resort where plaintiff had received mail "against a backdrop of constant solicitation of business in Massachusetts over a period of years by way of numerous advertisements" and received specific assurances by phone regarding a trip). Ms. Bean has not alleged that JWU engaged in similar targeting.

Furthermore, Ms. Bean submits that the Equestrian Facility subjects JWU to jurisdiction under the long-arm statute. In order to satisfy the long-arm statue based on a defendant's interest in real property, however, there must be some connection between the claims at issue and the property. Schaefer v. Cybergraphic Sys., Inc., 886 F. Supp. 921, 924 (D. Mass. 1994). Ms. Bean alleges no connection between JWU's ownership of the Equestrian Facility and her slip and fall injury in Rhode Island. The University's ownership of an educational facility in the Commonwealth does not subject it to personal jurisdiction under the long-arm statute in this case.

For the stated reasons, plaintiff has failed to satisfy the requirements of the long-arm statute and the Court need not elaborate on its consideration of jurisdictional issues. In the interest of completeness, however, and assuming arguendo that the plaintiff's claim does satisfy the Massachusetts long-arm statute, the Court proceeds to consider whether it has personal jurisdiction under the Due Process Clause.

### 2. General Jurisdiction

Because JWU is a Rhode Island corporation with a principal place of business in Rhode Island and plaintiff does not assert that JWU is subject to general jurisdiction in Massachusetts, the Court proceeds to consider whether it has specific personal jurisdiction.

**3. Specific Jurisdiction**

This Court may assert specific jurisdiction when a defendant has certain minimum contacts with Massachusetts such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement, 326 U.S. 310, 316 (1945)(internal quotation marks omitted). In order for jurisdiction to comport with due process, 1) plaintiff's claim must be related to the defendant's contacts, 2) defendant's contacts must be purposeful and 3) jurisdiction must be reasonable. See Sawtelle v. Farrell, 70 F.3d 1381, 1389 (1st Cir. 1995).

**a. Relatedness**

To satisfy the relatedness inquiry, the cause of action must arise from or relate to the defendant's contacts with the forum state. As applied to a tort claim, the key inquiry is whether the in-forum conduct caused the injury. See United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 622 (1st Cir. 2001). In contrast to the "but for" analysis under the long-arm statue, the First Circuit uses "something like a proximate cause standard" to determine whether a defendant's contacts are sufficiently related to satisfy due process. Harlow v. Children's Hosp., 432 F.3d 50, 61 (1st Cir. 2005) (quoting Cambridge Literary Props., Ltd. v. W. Goebel Porzellanfabrik

G.m.b.H & Co. Kg., 295 F.3d 59, 65 (1st Cir. 2002). Though this test is a "flexible, relaxed standard" it still requires a causal connection between the claim and defendant's forum related conduct. Lewis v. Walt Disney Parks & Resorts U.S., Inc., No. CV 18-11947-DJC, 2019 WL 1505964, at *4 (D. Mass. Apr. 5, 2019)(internal quotations omitted).

Ms. Bean has not established a nexus between JWU's alleged conduct in Massachusetts and her claim. With respect to the alleged tort, all relevant conduct occurred in Rhode Island. Without more, Ms. Bean's conclusory contention that she would not have stayed at the Radisson but for an advertisement on a generally accessible website is not enough to satisfy the relatedness prong. See Badia v. Hamanasi Adventure & Dive Resort, No. 16-CV-10252-LTS, 2017 WL 551817, at *4 (D. Mass. Feb. 10, 2017)(declining to exercise jurisdiction over a Belizean resort where plaintiffs could not show that "the Resort's advertising, website...or sale of the travel package...'caused the injur[ies]' Plaintiffs suffered in Belize"). Because Ms. Bean has offered only two screenshots of unknown origin and a conclusory declaration, she has not met her burden to demonstrate that the alleged injury sustained in Rhode Island is related to any contact between JWU and Massachusetts.

### b. Purposeful Availment

The foundations of the purposeful availment inquiry are voluntariness and foreseeability. The court can exercise personal jurisdiction only over a defendant whose contacts are deliberate and

> represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's presence before the state's courts foreseeable.

Hannon v. Beard, 524 F.3d 275, 284 (1st Cir.2008).

Plaintiff asserts that JWU's advertisement of the parking package constitutes purposeful and voluntarily contact with Massachusetts such that the University purposefully availed itself of doing business in Massachusetts. Again, Ms. Bean relies on the two screenshots from a website which she claims demonstrate that JWU voluntarily and deliberately solicited business in Massachusetts and could reasonably expect to be haled into its courts. Consistent with the long-arm statute analysis, Ms. Bean's proffered evidence does not support her contention that JWU has availed itself of the privilege of doing business in Massachusetts. There is no evidence that the screenshots have any connection to the Commonwealth and plaintiff does not suggest that the subject advertisement was targeted at her or other Massachusetts residents. A generally available website, without more, does not support a finding that

-11-

defendants thereby reached into Massachusetts. See Media3 Techs., LLC v. CableSouth Media III, LLC, 17 F. Supp. 3d 107 (D. Mass. 2014)(holding that defendant's operation of a website viewable in Massachusetts was insufficient, alone, to constitute purposeful availment).

### c. Reasonableness

The final step in a personal jurisdiction analysis is a reasonableness inquiry. Because Ms. Bean has not met her burden under the relatedness and purposeful availment prongs of the Due Process inquiry there is no need for the Court to address the reasonableness argument.

## III. Transfer

Because this Court does not have jurisdiction to hear Ms. Bean's claim it must either dismiss the case or transfer it to the United States District Court of the District of Rhode Island in whose jurisdiction the alleged negligent conduct occurred and where the action could have initially been brought. Under 28 U.S.C. § 1631,

> [w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed....

The First Circuit has determined that the text and legislative history of § 1631 "establish a rebuttable presumption in favor

-12-

of transfer" and that this presumption is rebutted only if the transfer is "not in the interest of justice." Fed. Home Loan Bank of Bos. v. Moody's Corp., 821 F.3d 102, 119 (1st Cir. 2016) (abrogated on other grounds by Lightfoot v. Cendant Mortg. Corp., 137 S. Ct. 553 (2017)).  When determining whether a transfer is appropriate, the Court evaluates 1) whether the action could have been brought in another federal court, 2) whether a limitations period has run that would preclude filing in the correct court and 3) whether the case is frivolous or brought in bad faith. Shelton Bros., Inc. v. Three Pirates, LLC, No. CV 15-30140-MGM, 2017 WL 1227922, at *6-7 (D. Mass. Mar. 31, 2017) (quoting Britell v. United States, 318 F.3d 70, 74-75 (1st Cir. 2003)).

None of those considerations weighs against transfer in this case because: 1) Ms. Bean could have initially filed this action in Rhode Island where her alleged injury and the negligent conduct occurred; 2) the limitations period in Rhode Island for negligence has run and but for a transfer, Ms. Bean would be unable to pursue her claim; and 3) though her complaint is rudimentary, there is no evidence that it was brought in bad faith.  Given that the purpose and policy underlying § 1631 is to ensure that, when practicable, cases will be resolved on the merits, this Court will order the instant case transferred to the District of Rhode Island.

**ORDER**

In accordance with the foregoing, defendant's motion to dismiss for lack of personal jurisdiction in this Court (Docket No. 9) is **ALLOWED** but plaintiff's action is hereby **TRANSFERRED** to the United States District Court of the District of Rhode Island for further proceedings pursuant to 28 U.S.C. § 1631.

**So ordered.**

                                                    /s/ Nathaniel M. Gorton
                                                  Nathaniel M. Gorton
                                                  United States District Judge

Dated October 8, 2019